# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY PAYESKO,<br>*Plaintiff,* | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2957 |
| | : | |
| CAD HOLDINGS, LLC, *et al.*,<br>*Defendants.* | : | |

## MEMORANDUM

### I.  Introduction and Background

Plaintiff Tammy Payesko alleges that on February 8, 2018, at approximately 5:15 a.m., she slipped and fell on the sidewalk at or near 1226 East Chidsey Street, Easton, Pennsylvania. ECF No. 50 at ¶ 12. Defendants Beverly Skrapits and Robert Skrapits, who own and reside at 1226 East Chidsey Street, filed a Joinder Complaint against Third-Party Defendant Thomas Olick, the owner of 1220 East Chidsey Street, and Third-Party Defendant Richard Payesko, the tenant of 1220 East Chidsey Street, on the theory that the water from the 1220 East Chidsey Street property drained downhill and froze on the sidewalk of 1226 East Chidsey Street. ECF No. 25.

According to the lease, Richard Payesko is the second-floor tenant of the 1220 East Chidsey Street residence, of which Olick is the landlord. ECF No. 80-1 at p. 28 (the "Lease").

1

## II. Discussion

Third-Party Defendant Richard Payesko filed a Motion for Summary Judgment (ECF No. 80) arguing that he is entitled to summary judgment because the responsibility to control the flow of water runoff is the landlord or owner's responsibility, rather than the tenant's. Defendants argue in response that there are genuine issues of material fact as to whether Richard Payesko was responsible for snow and ice removal with respect to the sidewalk adjacent to 1220[1] East Chidsey Street and as to whether Richard Payesko was responsible for gutter/downspout runoff from 1220 East Chidsey Street.

First, the Court finds that there is no genuine issue of material fact as to whether Richard Payesko was responsible for snow and ice removal with respect to the sidewalk adjacent to 1220 East Chidsey Street. Easton City Ordinance 515-35(A) provides, in relevant part:

> It shall be the duty of owners or occupants of property abutting on sidewalks in the City to remove therefrom all snow, sleet or ice within eight working hours after the same has ceased to fall or accumulate thereon.

Though the ordinance continues stating that if two or more occupants reside at the residence, the duty of snow and ice removal shall devolve upon the occupant(s) on

---

[1] Defendants refer to 1222 East Chidsey Street rather than 1220 East Chidsey Street throughout their brief in opposition. However, the attached lease clearly establishes that Richard Payesko was the tenant of 1220 East Chidsey Street and thus, the Court will refer to the correct property as such.

2

the first or ground floor, Richard Payesko agreed in his lease to "keep and maintain sidewalks, porch, and backyard in clean and neat conditions." ECF No. 80-1 at p. 29. Thus, it is well settled that Richard Payesko was responsible for snow and ice removal on the sidewalk outside of 1220 East Chidsey Street.

Nonetheless, this issue is entirely inapplicable to Plaintiff's theory of the case and subsequently Defendants Beverly Skrapits and Robert Skrapits's theory of liability as alleged against Richard Payesko, and it continues to be a red herring in this matter. This case does not turn on which parties were responsible for snow and ice removal from the various properties on which Plaintiff allegedly fell and whether those responsible parties failed to remove ice and snow in a timely matter. Rather, this case is about whether drainage of water from the various houses and buildings on East Chidsey Street was improperly directed onto the sidewalk and if so, whether that water runoff was the proximate cause of Plaintiff's alleged injuries.

The applicable ordinance and Richard Payesko's lease make clear that Richard Payesko did not assume any duties ordinarily held by the owner and landlord here other than to "keep and maintain sidewalks, porch, and backyard in clean and neat conditions." Indeed, the parties were sure to assign to the tenant the duty to remove ice and snow from the sidewalk in front of 1220 East Chidsey Street even though he resided on the second floor of the structure and accordingly

3

would not have been responsible for such by default under the town ordinance. Thus, the Court finds that if the parties intended for Richard Payesko to assume a duty ordinarily held by the owner and landlord of a building, such a transfer of duty would have been memorialized in the lease. Because it was not, the Court finds that Richard Payesko, as the tenant at 1220 East Chidsey Street, had no duty to inspect, maintain, or alter the drainage system as it existed when he moved into 1220 East Chidsey Street. Defendants Beverly Skrapits and Robert Skrapits's entire claim against Richard Payesko requires such a duty to exist. Accordingly, their claims fail as a matter of law and will be dismissed.

### III. Conclusion

For the foregoing reasons, Third-Party Defendant Richard Payesko's Motion for Summary Judgment will be granted, and the claims against Third-Party Defendant Richard Payesko in Defendants Beverly Skrapits and Richard Skrapits's Joinder Complaint will be accordingly dismissed. An appropriate Order follows.

DATED: 9-4-2019

BY THE COURT:

CHAD F. KENNEY, J.

4